UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIANA CHERRY, individually and as Next Friend of K.P., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00887-O |
| KROGER TEXAS LP, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Kroger Texas LP's Motion for Summary Judgment, Brief, and Appendix (ECF Nos. 11–13), filed July 23, 2020; Plaintiff Briana Cherry's Response (ECF No. 14), filed August 12, 2020; and Defendant's Reply (ECF No. 15), filed August 19, 2020. Having considered the motion, briefing, evidence, record, and applicable law, the Court finds that Defendant's Motion should be and is hereby **GRANTED**.

## I.      BACKGROUND

This case arises following a customer's slip-and-fall on the premises of Defendant Kroger Texas LP's ("Kroger") store in Grand Prairie, Texas, on August 17, 2017. *See generally* Pl.'s Original Pet., ECF No. 1-2. The Court now sets forth the relevant facts viewed in the light most favorable to Plaintiff Briana Cherry ("Cherry"), the nonmoving party.

While shopping that evening, Plaintiff Briana Cherry ("Cherry") slipped on mayonnaise that had been spilled on the floor and was not marked with any warning signs. Def.'s Summ. J. App. 3-4 (Ex. A), ECF. No. 13-1. Cherry fell on her back and dropped K.P., her infant daughter, who landed on the floor face down. *Id.* Cherry and K.P. both required emergency medical care. *Id.* In her original petition, the live pleading, and again in her deposition, Cherry stated that the

1

mayonnaise spill "was open and obvious due to the dirty track marks on the floor[,]" did not recall telling any Kroger employee where the mayonnaise was, and did not know who may have seen the source of the mayonnaise spill before she fell. *Id.* at 11-12 (Ex. B at 38:14-39:20,); *id.* at 13-14 (Ex. B at 53:24-54:2); Pls.' Original Pet. ¶¶ 7–8, ECF No. 1-2.

Cherry brought this negligence suit asserting premises liability in state court on April 30, 2019, seeking only monetary relief. Pl.'s Original Pet., ECF No. 1-2. Kroger properly removed the action to this Court on October 18, 2019. Not. of Removal, ECF No. 1. On July 23, 2020, Kroger filed a Motion for Summary Judgment. The Motion has been fully briefed and is ripe for decision.

## II.    LEGAL STANDARD

The Court may grant summary judgment where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, courts must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion. *Id.* at 250.

## III.   ANALYSIS

When asserting a premises liability claim, an invitee must establish four elements: (1) a premises condition created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from the danger; and (4) the owner's failure was a proximate cause of injury to the invitee. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009); *see Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). In its summary-judgment motion, Kroger challenges the second element and third element. *See generally* Def.'s Summ. J. Mot. The Court addresses each in turn.

### A.  No Dispute of Material Fact Exists as to Whether Kroger Had Constructive Notice of the Mayonnaise Spill

To avoid summary judgment, Cherry must prove that Kroger had actual or constructive notice of the mayonnaise spill. *Wal-Mart v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) ("A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable

opportunity to discover it."); *see also Keetch*, 845 S.W.2d at 264; *Corbin v. Safeway Stores Inc.*, 648 S.W.2d 292, 295–96 (Tex. 1983).

Kroger argues that "Chery cannot prove the notice element of her premises-liability claim." Def.'s Summ. J. Mot. 5, ECF No. 12. Specifically, Kroger contends that "Cherry lacks evidence to establish that Kroger possessed actual or constructive knowledge of an unreasonably dangerous premises condition." *Id.* at 6. In her response, Cherry does not argue that Kroger had actual knowledge. Instead, Cherry argues that Kroger had constructive knowledge of the mayonnaise spill because "[p]roof the dangerous condition was in sufficient proximity to the defendant's employees" was enough to prove it should have been removed. Pl.'s Resp. 4, ECF No. 14. Cherry specifically relies on her deposition as evidence in which she testified as follows:

> Q. Before you fell, did you see any Kroger employees working on the aisle where you fell?
> A. I think I recall not on the aisle but the aisle that I think I had just passed an employee.
> Q. Beg your pardon?
> A. I believe I had passed an employee, but not on the same aisle.

*Id.* (quoting Def.'s Summ. J. App. 14, (Ex. B at 54:6-12), ECF No. 13).

Kroger contends that Cherry's argument relies on cases that have been expressly overruled by the Texas Supreme Court in *Wal-Mart v. Reece*, 81 S.W.3d 812 (Tex. 2002). Def.'s Reply 2, ECF No. 15. The Court agrees.[1] As such, the Court applies the law as stated in *Reece*.

The constructive-knowledge element requires proof that a dangerous condition existed for some length of time—a temporal requirement. *Reece*, 81 S.W.3d at 815. "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates

---

[1] The following cases upon which Cherry relies were overruled by *Reece*, 81 S.W.3d 812: *Duncan v. Black-Eyed Pea, U.S.A., Inc.*, 994 S.W.2d 447, 449–50 (Tex. App.—Beaumont 1999, pet. denied); *Furr's Super Market v. Garrett*, 615 S.W.2d 280, 281–82 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e.); *Albertson's, Inc. v. Mungia*, 602 S.W.2d 359, 362–63 (Tex. Civ. App.—Corpus Christi 1980, no writ); *Kimbell, Inc. v. Hernandez*, 572 S.W.2d 784, 786 (Tex. Civ. App.—El Paso 1978, no writ).

that it was *possible* for the premises owner to discover the condition, not that the premises owner

reasonably *should* have discovered it." *Id.* "Constructive notice demands a more extensive inquiry.

Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess

the opportunity the premises owner had to discover the dangerous condition." *Id.* Courts recognize

this significant burden on plaintiffs because, at times, proof of how long a spill existed can be

difficult to gather. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998) (noting

that time-notice rule is "harsh and demanding on plaintiffs").

Cherry relies on her own deposition testimony that she passed an employee on another aisle

to demonstrate conclusively the employee was in sufficient proximity to give Kroger constructive

knowledge of the spill. For a premises liability claim, Cherry needs to specifically show evidence

of how long the spill was present before her fall. *See, e.g., Hernandez v. Kroger Texas, L.P.*, No.

01-18-00562-CV, 2019 WL 3949458, at *4 (Tex. App.—Houston [1st Dist.] 2019, no. pet.)

(finding summary judgment proper when Plaintiff showed no evidence of how long the spill was

present before her fall); *Aaron v. Magic Johnson Theatres*, No. 01-04-00426-CV, 2005 WL

2470116, at *5 (Tex. App.—Houston [1st Dist.] Oct. 6, 2005, no pet.) (mem. op.) (affirming

summary judgment because an invitee presented no evidence of how long floor lights had been

non-functioning at the time of the fall in a dark theater). In the same deposition upon which

Cherry's response relies, Cherry stated she had "no idea" how long the mayonnaise was on the

floor, and her response introduces no evidence to the contrary other than to suggest the spill was

there long enough to be open and obvious due to track marks through it. Def.'s Summ. J. App. 14–

15 (Ex A at 54:3–5 and 54:24–55:2), ECF No. 13. Without more, Cherry has failed to raise a

genuine dispute of material fact as to whether Kroger "*should* have reasonably discovered [the

mayonnaise spill].” *Reece*, 81 S.W.3d at 814. Thus, the Court will grant Defendant's motion for summary judgment.

**B. Cherry's Pleading that the Mayonnaise Spill Was Open and Obvious Is a Judicial Admission Binding on Cherry**

Even if the Court accepted that Kroger had constructive notice of the mayonnaise spill, for the reasons that follow, the Court concludes that Kroger is entitled to summary judgment on her premises liability claim.

In support of its motion for summary judgment, Kroger maintains that it had no duty to warn Cherry of the mayonnaise because Cherry's pleading describes the mayonnaise on the floor as an "open and obvious" condition. Def.'s Summ. J. Mot. 1, ECF No. 12. In response, Cherry argues that Kroger's corporate representative's deposition contradicts the pleading and interrogatory answers which "establish[], at the very least, there is a genuine issue of material fact as to whether or not the mayonnaise Plaintiff slipped on was open and obvious." Pls.' Resp. 5–6, ECF No. 14 (citing Pl.'s Summ. J. Resp. App. 23 (Ex. A at 23:9-22), ECF No. 14-1). Cherry also contends that the mayonnaise created an unreasonable risk which Kroger had a duty to reduce or eliminate. *Id.* (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)) (citing *Reece*, 81 S.W.3d at 814). Kroger replies that Cherry's pleading constitutes a judicial admission, and she is bound by, and cannot controvert, her admission. Def.'s Reply 4, ECF No. 15 (citing *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107–08 (5th Cir. 1987)) (citing *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)).

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001). To qualify as a judicial admission, the statement must

6

be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based. *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001). "Pleadings are for the purpose of accurately stating the pleader's version of the case, and they bind unless withdrawn or altered by amendment." *Sinclair Refining Co. v. Tompkins*, 117 F.2d 596, 598 (5th Cir. 1941). "Facts that are admitted in the pleadings are no longer at issue." *Davis*, 823 F.3d at 108 (internal quotations omitted); *see, e.g., White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983); *GlobeRanger Corp. v. Software AG*, 27 F. Supp. 3d 723, 744 (N.D. Tex. 2014).

Here, Cherry concedes that her live pleading states that the mayonnaise spill was open and obvious and argues that other summary judgment evidence rebuts that statement to create a genuine dispute of material fact. Pls.' Resp. 5–6, ECF No. 14. But whether the mayonnaise spill was open and obvious is foreclosed by the pleading, and Cherry is bound to her original statement of fact. Because the mayonnaise spill was open and obvious before Cherry's fall, Kroger owed no duty to warn Cherry of the hazard. *See Austin*, 465 S.W.3d at 204 (generally, a landowner has "no duty to warn of hazards that are open and obvious").

## IV.     CONCLUSION

Based on the foregoing, the Court finds that (1) Cherry has failed to raise a genuine dispute of material fact that Kroger had notice of the mayonnaise spill—the second element of a premises liability claim in Texas—and (2) even if Kroger had notice, Cherry judicially admitted in her live pleading that the mayonnaise spill was open and obvious, such that Kroger owed no duty of care to her.

Based on the reasoning above, the Court **GRANTS** Defendant Kroger Texas LP's Motion for Summary Judgment (ECF No. 11). Plaintiff Briana Cherry's premises liability claim is hereby **DISMISSED with prejudice**. The Court will enter judgment separately in favor of Kroger Texas LP pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED** on this **22nd day** of **September, 2020.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE